UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN RIZZI,

    Plaintiff(s),

v.

CHRISTOPHER PALMS, LLC,

    Defendant(s).

Case No. 2:23-cv-01858-RFB-NJK

**REPORT AND RECOMMENDATION**

On November 8, 2023, Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 1. That application is largely blank. Instead, Plaintiff indicates that a similar application was approved in another case, and he attests that he will soon be homeless. *Id.* at 5. In the other case, however, Plaintiff paid the filing fee shortly before filing this case. *See Rizzi v. Keller Williams*, No. 2:23-cv-01721-GMN-DJA, Docket No. 8 (D. Nev. Oct. 20, 2023). Moreover, the judges in the other case have not found that Plaintiff qualifies to proceed *in forma pauperis*. *See id.*, Docket No. 16 (D. Nev. Dec. 11, 2023) (denying application to proceed *in forma pauperis* as moot given payment of filing fee).[1]

On December 12, 2023, the Court denied the application as incomplete for the reasons outlined above. Docket No. 4. The Court ordered Plaintiff to either pay the filing fee or file a completed application to proceed *in forma pauperis* by January 5, 2024. *Id.* at 1-2. The Court warned Plaintiff that "**[f]ailure to comply will result in this case being dismissed.**" *Id.* at 2 (emphasis in original). Notwithstanding that warning, Plaintiff has not filed a renewed application to proceed *in forma pauperis*.

---

[1] Even if Plaintiff had been found to qualify to proceed *in forma pauperis* in another case, such a circumstance would not exempt him from showing that he qualifies in this case.

This case cannot proceed without Plaintiff either paying the filing fee or filing an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a); *see also* 28 U.S.C. § 1915(a). Having refused to do either in this case, Plaintiff's complaint is subject to dismissal. *E.g.*, *Desai v. Biden*, 2021 WL 38169, at *1 (E.D. Cal. Jan. 5, 2021), *adopted*, 2021 WL 276236 (E.D. Cal. Jan. 27, 2021).

Moreover, Plaintiff's refusal to comply with the Court's order is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the order of this Court notwithstanding the warning that case-dispositive sanctions may be imposed.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: January 10, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).